IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-296-BO

| | |
|---|---|
| MICHAEL L. DOWNING, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, *Acting* )<br>*Commissioner of Social Security*, )<br>Defendant. ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on the motions before the undersigned on May 7, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is remanded for further proceedings.

## BACKGROUND

On September 30, 2011, plaintiff protectively filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, as well as an application for supplemental security income pursuant to Title XVI of the Social Security Act. In both applications, plaintiff alleged an onset date of December 1, 2008. After his claims were denied initially and upon review, an Administrative Law Judge (ALJ) conducted a hearing and considered plaintiff's claims de novo. The ALJ found that plaintiff had not been under a disability and was not entitled to benefits under either Title II or Title XVI. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff

then timely sought review in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20

2

C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, and at step two found that plaintiff had the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disease (COPD), anxiety, depression, osteoarthritis, degenerative joint disease, and hypertension. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. The ALJ found that plaintiff had an RFC to perform light work with postural, environmental, and mental limitations. At step four, the ALJ found that plaintiff could not perform his past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in

3

Case 5:13-cv-00296-BO   Document 30   Filed 05/30/14   Page 3 of 5

significant numbers in the national economy that plaintiff could perform.

The ALJ's RFC finding is not supported by substantial evidence and remand is therefore appropriate. Light work requires the ability to lift twenty pounds occasionally, ten pounds frequently, and a good deal of either walking or standing or a good deal of sitting with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567. Plaintiff underwent surgery at L4-L5, L5-S1 in June 2012. In December 2012, plaintiff was still experiencing bilateral leg pain and markedly restricted range of motion restriction in his back. Tr. 734. Plaintiff also continued to require a "fairly high opioid dosage" to manage his pain. *Id.* Plaintiff testified at the hearing before the ALJ that even after his surgery he continued to use a cane most of the time because his leg will give out if he stands more than five to ten minutes. Tr. 28.

Though the ALJ noted that plaintiff's cane does not appear to have been prescribed by a doctor, he did not rely on medical records following plaintiff's surgery in June 2012 that would suggest that use of a cane was unnecessary. Moreover, the ALJ did not appear to consider that x-rays performed six months after plaintiff's surgery revealed significant L5-S1 degenerative changes which could account for plaintiff's continued pain in his back and legs. Tr. 734. The vocational expert testified that the Dictionary of Occupational Titles would require the ability to frequently reach, handle, and finger *bilaterally* in order to qualify for two of the jobs cited using the ALJ's RFC, which would not be available if plaintiff were found to require the use of cane. Tr. 36. There is inadequate testimony from the VE relating to the performance of the remaining job cited, a bus monitor, if plaintiff's cane were required due to his pain and the threat of his leg giving out. An RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day,

4

five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). In light of the evidence discussed above, the Court finds that substantial evidence does not support the ALJ's RFC finding and that remand is appropriate in order to more fully account for plaintiff's symptoms and their effects on the job-base available to him.

## CONCLUSION

For the foregoing reasons, plaintiff's motion [DE 24] is GRANTED, defendant's motion [DE 26] is DENIED, and the decision of the Acting Commissioner is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED. This 28 day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5